**NOT FOR PUBLICATION**

FILED

MAY 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| SILVERTON MOUNTAIN GUIDES, LLC, an Alaska limited liability company, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture <br> Defendant - Appellee <br> PULSELINE ADVENTURE, LLC, <br> Intervenor-Defendant - Appellee. | No. 25-1384 <br><br> D.C. No. <br> 3:22-cv-00048-SLG <br> District of Alaska, <br> Anchorage <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Argued and Submitted April 20, 2026
San Francisco, California

Before: S.R. THOMAS, CHRISTEN, and FORREST, Circuit Judges.

Silverton Mountain Guides, LLC ("Silverton") appeals the denial of its

motion for relief from judgment under Federal Rule of Civil Procedure 60(b) on

the basis that then-Judge Kindred was required to recuse himself in Silverton's

petition for judicial review of the U.S. Forest Service's denial of its special use

permit for helicopter skiing. Fed. R. Civ. P. 60(b)(6). The district court concluded that then-Judge Kindred was not required to recuse himself and denied Silverton's motion under Rule 60(b)(6).

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review the district courts conclusion that then-Judge Kindred was not required to recuse himself for abuse of discretion. *United States v. Mikhel*, 889 F.3d 1003, 1025 (9th Cir. 2018). We also review the denial of the motion for relief from judgment under Rule 60(b)(6) for abuse of discretion. *Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019).

"Abuse-of-discretion review is highly deferential to the district court." *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 881 (9th Cir. 2012). Under the abuse of discretion standard, we reverse only when convinced that "the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016). However, "[a] district court abuses its discretion when it applies the incorrect legal standard or if its application of the correct legal standard was illogical, implausible, or without support from the facts in the record." *United States v. Williams*, 68 F.4th 564, 571 (9th Cir. 2023).

"Any justice, judge, or magistrate judge of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Relief from judgment under Rule 60(b)(6) is available for § 455(a) violations in "extraordinary circumstances" *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 862–64 (1988).

Because the parties are familiar with the facts and procedural history, we will not recount it here. We affirm the district court.

I

In *Liteky v. United States*, 510 U.S. 540, 548 (1994), the Supreme Court clarified that the § 455(a) determination that recusal is required rests upon the "appearance" of impartiality rather than its actual existence. There are two situations in which the appearance of partiality may rise to the level requiring recusal: (1) when a judge forms opinions or bias based on "knowledge acquired outside [the judicial] proceedings"; or (2) when a judge's information is limited to the judicial proceeding but the judge "display[s] deep-seated and unequivocal antagonism that would render fair judgment impossible." *Id*. at 556. The first ground, which is referred to as the "extrajudicial source" factor, *id*. at 554–55, is not the "*only* basis for establishing disqualifying bias. *Id*. at 551. However, it is the ground relevant for recusal in this case. Further, "the analysis of a particular

3

section 455(a) claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (citation omitted).

Silverton made two arguments for recusal that the district court adequately addressed:  First, Silverton argued that the conflict then-Judge Kindred had with the two Assistant United States Attorneys ("AUSAs") in the criminal division of the Alaska United States Attorneys Office ("USAO") should be imputed to the entire office, and second, that then-Judge Kindred's conduct would cause a reasonable person to question his impartiality.  As to Silverton's imputation argument, the district court reasonably concluded that recusal was not required because a personal conflict existed between then-Judge Kindred and certain AUSAs in the criminal division of the USAO.  Even assuming attorney ethics imputation rules are relevant to an analysis of judicial disqualification or recusal under § 455(a), "disqualification of an entire U.S. Attorneys office is an extreme remedy--only appropriate in the most extraordinary circumstances." *Williams*, 68 F.4th 564, 573; *see also* Alaska Rules of Pro. Conduct R. 1.11 (d) cmt. 2 ("Because of the special problems raised by imputation within a government agency, paragraph (d) does not impute the conflicts of a lawyer currently serving as an

4

officer or employee of the government or other associated government officers or employees . . . .").

Silverton next contends that the district court applied an incorrect legal standard when assessing its second argument, that then-Judge Kindred's relationships with the AUSAs would cause a reasonable person to question his impartiality. The district court correctly stated the objective standard under § 455(a), which requires courts to assess "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1144 (9th Cir. 2001) (internal quotation marks omitted). Here, the AUSAs representing the U.S. Forest Service were from the civil division of the Alaska USAO, but the conflict with then-Judge Kindred existed with AUSAs in the criminal division. Accordingly, the district court held that "given the unique facts in this case, former Judge Kindred was not required to recuse himself under Section 455(a)."

The specific underlying legal action before then-Judge Kindred was an appeal of the U.S. Forest Service's decision not to issue Silverton a special use permit for helicopter skiing on Chugach National Forest land. That legal action is disconnected from the basis of recusal, and Silverton has not argued otherwise on

appeal. Moreover, during the pendency of the judicial misconduct investigation, the District of Alaska did reassign Judge Kindred's cases where there might have been an appearance of partiality. The district court addressed Silverton's contention that there was an appearance of partiality and considered all relevant factors when deciding whether recusal was required in this particular case. *Cf. Williams*, 68 F.4th at 571 (holding reversal is warranted under the abuse of discretion standard where the district court "does not consider relevant factors").

Therefore, given our highly deferential standard of review, we cannot conclude that the district court's recusal decision "lies beyond the pale of reasonable justification under the circumstances." *Estate of Diaz*, 840 F.3d at 601. In so holding, we do not minimize the misconduct findings of the Judicial Council of the Ninth Circuit Court of Appeals, nor its certification that then-Judge Kindred "engaged in conduct that might constitute one or more grounds for impeachment under Article II of the Constitution." Rather, as we must, we view the district court's decision in the context of the facts of this case and applicable governing law, and with the application of the appropriate standard of review.

## II

Silverton's sole basis for relief from judgment under Rule 60(b)(6) is that then-Judge Kindred was required to recuse himself in the underlying proceeding.

Having concluded that the district court did not abuse its discretion in concluding that recusal was not required, relief from judgment under Rule 60(b)(6) is not available. *See Liljeberg*, 486 U.S. at 864.

**AFFIRMED.**